Dear Wynn
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask the following questions:
1. Does the State Treasurer's annexed "Notice of Names ofPersons Appearing to be Owners of Abandoned Property"transcend:[1]
 (A) 60 O.S. Supp. 1999, § 662[60-662](B)(1)-(3);[2] and
 (B) the rule of law from Attorney General Opinion No.97-94?[3]
 2. Based on the answer to the first question, how does theState Treasurer's annexed "Notice of Names of Persons Appearingto be Owners of Abandoned Property" differ from the Commission ofLabor's Minimum Wage Poster which was the subject of AttorneyGeneral Opinion No. 97-94?
¶ 1 You have submitted a photostatic copy of a newspaper advertising supplement sponsored by the Oklahoma State Treasurer ("Treasurer"). See Robert A. Butkin, Advertising Supplement, Daily Okla., Mar. 19, 2000. Contained in that supplement is a pictorial representation of a pot which appears to contain coins and a statement in headline form stating: "You could have a `Pot of Gold' in the Unclaimed Property Fund[:] A Message From Robert Butkin[,] Oklahoma State Treasurer." Id. Also contained on the front page of the supplement is a statement outlining the subject of the supplement.[4] See id. The page also contains a statement describing the nature of the list, the sources of the addresses listed, and where one could write to inquire further, as well as a statement reading "[t]he Oklahoma State Treasurer wants to reunite as many people as possible with their money and seeks by various means to locate all missing owners or their heirs. If the Unclaimed Property Section has contacted you recently by phone and/or letter, you do not need to respond to this publication." Id. On the back page of the supplement is a claim form, a picture of the Treasurer, and another statement.[5] Id. See id.
 I. A. Information in the Treasurer's Notice is Germane to Section 662(B)
¶ 2 You first ask if the notice published by the Treasurer "transcends" 60 O.S. Supp. 1999, § 662[60-662](B). In subsequent correspondence, you indicate you wish to know what a statutorily prescribed notice can lawfully include, i.e., whether state agencies have the authority to include extra-statutory information in governmental notices. This will be discussed more fully below within the sphere of Section 662(B), the subject of your inquiry. That provision reads:
 B. The published notice must be entitled "Notice of Names of Persons Appearing to be Owners of Abandoned Property", and contain:
 1. The names in alphabetical order and last-known address, if any, of persons listed in the report and entitled to notice within the county as specified in subsection A of this section;
 2. A statement that information concerning the property and the name and last-known address of the holder may be obtained by any person possessing an interest in the property by addressing an inquiry to the State Treasurer; and
 3.A statement that if proof of claim is not presented by the owner to the holder and the right of the owner to receive the property is not established to the satisfaction of the holder before April 20, or, in the case of property reported by life insurance companies, before October 20, the property will be placed not later than May 1, or in the case of property reported by life insurance companies, not later than November 1, in the custody of the State Treasurer and all further claims must thereafter be directed to the State Treasurer.
Id. The photostatic copy of the Treasurer's notice you have provided has the required title on the first page of the supplement. It also contains a list of names grouped by county, in alphabetical order within the individual counties. The statement that information concerning the property and the name and last-known address of the holder may be obtained by someone who has an interest in the property is also on the front page. Also in the supplement is a statement that custody of the unclaimed property will be placed with the Treasurer if no satisfactory proof of claim is submitted by a date certain.
¶ 3 The notice also contains other information dealing with unclaimed property which is not specifically addressed in the requirements of the Unclaimed Property Act. You wish to know whether this other information "transcends" 60 O.S. Supp. 1999,§ 662[60-662](B).
¶ 4 An agency may exercise "only those powers granted and may not expand those powers by its own authority." City of Hugo v.State ex rel. Public Employees Relations Bd., 886 P.2d 485,492 (Okla. 1994). The exercise of those powers will pass judicial scrutiny if they can be fairly implied from statutory language.Id.
¶ 5 The Treasurer is expressly authorized by Section 662 of the Unclaimed Property Act to publish the notice. The legislative intent in requiring the notice of abandoned property can be summarized as follows: The Act provides a comprehensive scheme for handling property which appears to have been abandoned by first attempting to notify the real owners; then, if unsuccessful in that attempt, providing for disposition of the property. SeeLincoln Bank and Trust Co. v. Oklahoma Tax Comm'n,827 P.2d 1314, 1315-16 (Okla. 1992). Given that intent, it follows that providing any information which furthers and supports that express power is authorized by the Act. The additional information presented in the notice provides additional, practical information dealing with the nature of the unclaimed property, how to make a claim, and the proper method to notify appropriate state authorities. It is within the Treasurer's implied authority to notify property owners, and is therefore germane to the Act.
¶ 6 Accordingly, based on the materials provided, information contained in the Treasurer's "Notice of Names of Persons Appearing to be Owners of Abandoned Property," published according to the dictates of 60 O.S. Supp. 1999, § 662[60-662](B), is germane to the topic of unclaimed property. Accordingly, the Treasurer's notice does not transcend 60 O.S. Supp. 1999, §662[60-662](B).
 B. The Treasurer's Notice Does Not Transcend A.G. Opin. 97-94
¶ 7 You next ask if the notice transcends the rule of law announced in Attorney General Opinion No. 97-94.
¶ 8 Attorney General Opinion No. 97-94 had as its subject matter 40 O.S. 1991, § 197.6[40-197.6], which requires every employer to post a notice of employees' rights contained in the Oklahoma Minimum Wage Act, 40 O.S. 1991, §§ 197.1-197.17. Failure to post the notice subjects an employer to certain penalties.[6] The questions posed to the Attorney General centered around what information could be contained in the posted notice, which is published by the Commissioner of Labor ("Commissioner"). The notice as published by the Commissioner contained information dealing with the payment of union dues and rights of non-union members who pay union dues. Basing its conclusion on the language of § 197.6, the Opinion held that the Commissioner had no authority to include in the required posted notice any information not authorized by the Minimum Wage Act; and that the Commissioner had no authority to enforce the posting of any notice which contained information not authorized by the Minimum Wage Act. See A.G. Opin. 97-94 at 183.
¶ 9 Unlike the subject in Attorney General Opinion 97-94, which dealt with a poster outlining minimum wage laws but which contained information dealing with use of money by labor unions, all the information contained in the "Notice of Names of Persons Appearing to be Owners of Abandoned Property" published by the Treasurer is germane to the Unclaimed Property Act. Also unlike the subject in Attorney General Opinion 97-94, there is no requirement under penalty of law that any newspaper publish the Treasurer's notice. This is contrasted in more detail below.
¶ 10 The Treasurer's notice does not transcend Attorney General Opinion 97-94. A comparison between the Treasurer's notice and the Commissioner's minimum wage poster is explored in more detail below.
 II. Comparison of Commissioner's Wage Poster and Treasurer's Notice
¶ 11 You next ask how the Treasurer's "Notice of Names of Persons Appearing to be Owners of Abandoned Property" differs from the minimum wage poster which was the subject of Attorney General Opinion 97-94.
¶ 12 This situation involving the Treasurer's notice is more closely analogous to A.G. Opin. 98-44. That Opinion dealt with the Commissioner of Labor's authority to expend funds received from the Special Indemnity Fund to advance a "safety pays" television campaign. The fund, whose source is a tax on disability awards, is to be used "for safety consultation and the regulation of the safety of public employees through the Occupational Safety and Health Act of 1970." 85 O.S. Supp. 1999,§ 173[85-173](J). The Commissioner used a portion of that fund to produce and air four television spots which chronicled the transformation of an employer's workplace as a result of an employee's on-the-job injury. It also contained statistics dealing with work-related injuries and promoted the Department of Labor's occupational safety and health consultative services. At the end of each spot, the Commissioner of Labor appeared on camera and stated:
 I'm Brenda Reneau, your Oklahoma Labor Commissioner. June is National Safety Month. At the Department of Labor, our job is to provide assistance on workplace safety programs. Please call us to help you prevent accidents. Remember, safety pays.
A.G. Opin. 98-44 at 207 (citing Videotape: Safety Pays Program (Okla. Dep't of Labor 1998) (on file with the Okla. Dep't of Labor).
¶ 13 Opinion 98-44 held that the Commissioner had the power to publicize the Department of Labor's safety and health consultative services. It also stated that so long as the television campaign publicized safety consultative services, the campaign was permissible.
¶ 14 In other words, so long as the information contained in the spots was germane to safety consultation and the regulation of safety of public employees through the Occupational Safety and Health Act of 1970, the Commissioner had the express power to include that information in the advertisements.
¶ 15 The same thing is true of the Treasurer's "Notice of Names of Persons Appearing to be Owners of Abandoned Property." As noted above, one goal of the Unclaimed Property Act is to notify the real owners of property which appears to be abandoned. That being the case, under the Act the Treasurer may attempt to obtain and keep the attention of the casual newspaper reader by presenting the required information in an eye-catching and palatable form. So long as the notice contains information germane to the Act, the Treasurer can present the information in whatever form he believes will convey the information in a "due and efficient" manner. See A.G. Opin. 98-44 at 210 (citingMarley v. Cannon, 618 P.2d 401, 405 (Okla. 1980)).
¶ 16 In contrast, Attorney General Opinion 97-94 dealt with a minimum wage poster which included "a statement regarding the payment of union dues and certain rights of non-union members who pay union dues." A.G. Opin. 97-94 at 183. The decisive legal principle enunciated in that Opinion was the well-known rule that an officer or agency "has only those powers expressly given by statute and those necessarily implied for the due and efficient exercise of powers expressly granted or fairly implied." Id. at 182. The Opinion noted there was no state or federal support in the Minimum Wage Act or related rules or regulations for including on the poster information relating to the payment of union dues, or how those dues are used. Id. at 183. It then concluded the Commissioner does not have the authority to place non-minimum wage information in the notice. More important, the Opinion observed the Commissioner does not have the authority to require employers to post non-minimum wage information, such as union dues information. Id. This is particularly true given that, unlike the Treasurer's notice, an employer who fails to display the minimum wage poster "in such form as may be prescribed and furnished by the Commissioner" (40 O.S. 1991, §197.6[40-197.6]) faces a penalty in the form of a fine. See 40 O.S.1991, § 197.14[40-197.14]. Each week the poster is not displayed is considered a separate offense. Id.
¶ 17 In other words, Opinion 97-94 concluded that, since the Commissioner went beyond her scope of authority by placing information not germane to the Minimum Wage Act in a poster which employers are required to display under penalty of law, she did not have the authority to enforce the posting of a notice which exceeded her authority to prescribe and furnish. Id. at 183-84. As the Opinion noted, it did not imply the Commissioner could not make available to employers a notice containing the information dealing with union dues which employers could post at their discretion. Indeed, the Opinion noted the Commissioner "may certainly issue notices separate from the minimum wage notice to the benefit of wage earners and request that such notices be placed in the work place. The Commissioner cannot, however, enforce or require the placement of such other notices absent statutory authority." Id. at 183 n. 3 (emphasis added). This voluntary participation is more analogous to the situation surrounding the Treasurer's notice, where a newspaper is not required to publish the notice under penalty of law.
¶ 18 As noted in the answer to your first question, above, the Treasurer's "Notice of Names of Persons Appearing to be Owners of Abandoned Property" contains additional, practical information dealing with the nature of the unclaimed property, how to make a claim, and the proper method to notify appropriate state authorities. Consequently, this information — unlike the information dealing with use of union dues on the minimum wage poster — is germane to the Act.
¶ 19 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. A.The State Treasurer's "Notice of Names of PersonsAppearing to be Owners of Abandoned Property" contains theinformation required by the Unclaimed Property Act and thereforemeets the requirements of 60 O.S. Supp. 1999, § 662[60-662](B). TheNotice also contains other information dealing with unclaimedproperty which is not specifically covered in the UnclaimedProperty Act; however, given that the Treasurer has express powerto publish the Notice, inclusion of additional information whichsupports the purposes of the Act can be considered germane to theAct. Accordingly, the Treasurer's notice does not transcend 60O.S. Supp. 1999, § 662(B).
 B. The State Treasurer does not exceed his authority under60 O.S. Supp. 1999, § 662(B) by presenting information to thepublic in the "Notice of Names of Persons Appearing to be Ownersof Abandoned Property" which is germane to the requirements ofthe Unclaimed Property Act. Accordingly, the Treasurer's noticedoes not transcend the rule of law set forth in Attorney GeneralOpinion 97-94. See A.G. Opin. 98-44.
 2. The Commissioner of Labor's minimum wage poster, which wasthe subject of Attorney General Opinion 97-94, containedinformation not authorized by the Minimum Wage Act; therefore,the Commissioner of Labor exceeded her statutory authority underthe Minimum Wage Act, where the law required employers to displayin the workplace posters containing such information. Incontrast, the State Treasurer's "Notice of Names of PersonsAppearing to be Owners of Abandoned Property" does not containinformation on a legal issue which does not deal with theUnclaimed Property Act, nor does the law require a newspaper topublish the notice under penalty of law. Consequently, the StateTreasurer did not exceed his statutory authority under theUnclaimed Property Act.
W.A. DREW EDMONDSON Attorney General of Oklahoma
DAN CONNALLY Assistant Attorney General
[1] "Transcend" is the word you used. This opinion is being written under the assumption "transcend" here equates to "to rise above or go beyond the limits of." Webster's Third New International Dictionary 2426 (3d ed. 1993).
[2] This provision, a part of the Uniform Unclaimed Property Act, 60 O.S. 1991 Supp. 1999, §§ 651-688, requires that a list be compiled of abandoned property, and sets forth notice requirements which must be published.
[3] That Opinion held that the Commissioner of Labor had no authority to include in the notice required by the Minimum Wage Act any information not pertinent to that act. If the poster contained non-pertinent information, the Commissioner of Labor had no authority to enforce the posting of such a notice.
[4] The statement reads:
 As State Treasurer, one of the most satisfying public services I provide is to reunite Oklahoma citizens with their lost property. I hold unclaimed funds, stocks, and contents of safe deposit boxes in safekeeping and try to return them to the rightful owners or their heirs. Property becomes unclaimed when there is no activity by the owner for a time period specified in the Oklahoma Unclaimed Property Law. This property may include funds from dormant checking and savings accounts, unpaid wages and commissions, securities, cash dividends, uncashed money orders, utility deposits, refunds, and other types of property. Real property (land and buildings) is not included.
 There is no time limit placed on claiming your property, and there is no fee for submitting a claim! Please take a few moments and see if your name is on the list. See the Claim Form on the back.
 If you're not on the list, check the national website that includes Oklahoma at http://www.missingmoney.com/
Robert Butkin[,] Oklahoma State Treasurer.
Id.
[5] This statement reads:
 It could mean cash, safe deposit boxes or a pot of gold for you!
 There will be no fees or charges connected with your inquiry or payment of claim by the State Treasurer.
 Your inquiry must be in writing. Value and type of unclaimed property or the identity of the property holder cannot be obtained by phone.
 Due to the high volume of inquiries, response time will be 6 to 8 weeks from date of receipt of your inquiry.
 Custody of abandoned property will be placed with the State Treasurer if an owner has not presented satisfactory proof of claim to the property holder before April 20th. After May 1stmarker1fn0, any further owner claims must be directed to the Unclaimed Property Section.
You may mail this form to:
Unclaimed Property Section
Oklahoma State Treasurer
P.O. Box 53545
Okla. City, OK 73152-3545.
[6] The penalty provisions of the Minimum Wage Act are discussed in more detail below.